Sherrard v. Olden et al.

[NOVEMBER TERM, 1796.]

SHERRARD *against* OLDEN AND GARDNER.

Where every reasonable diligence has been employed by a defendant to prepare for trial, but he has been unable to attend himself on account of sickness, and an important witness for him had left the country before the trial, and other circumstances are laid before the court, exonerating the party from laches, and showing a real and equitable defence, and the merits of the case have not been investigated, the court will grant a new trial.

On an application for a new trial, the affidavits of the parties themselves are admissible to shew the grounds on which it is made.

This cause had been marked for trial at the Hunterdon *Nisi Prius*, in October, one thousand seven hundred and ninety-six, by the plaintiff, and regular notice had been served on the attorney of the defendants. Neither of the parties defendant, however, attended the court, and when the cause was called on for trial, *Leake*, for the defendants, applied for a postponement, upon the affidavit of one Joseph Ireland, who swore that Gardner, one of the defendants, was sick in Philadelphia at the time; that one James M'Corkle, was a material witness for the defendants; that he had sailed for the East Indies, in the month of June preceding, and before the cause was at issue, but was expected to return, &c. Notwithstanding this affidavit, however, the court ordered on the trial, and no further opposition being made by the defendants, a verdict passed for the plaintiff for £800. A rule had been obtained upon the plaintiff, to shew cause why a new trial should not be granted, and in support of the rule, *Leake*, for the defendants, produced the deposition of Olden and Gardner, themselves, from which it appeared, that there had formerly existed a partnership between the two defendants, which was now dissolved, and that Gardner was the real defendant, who was alone entrusted in the cause. That the attorney for them on the record, was unable to attend at the trial, and in consequence of the short notice of trial, which though regularly transmitted by the plaintiff's counsel, did not reach the defendants until three or four days before the trial came on, and the sickness of both of them, one at Princeton and the other at Philadelphia, the counsel who appeared for them at the *Nisi Prius*, was not retained until two days before the trial came on. Neither of the defendants knew of the incapacity of the other to attend.

In addition to these circumstances, it was further stated, that a rule was taken in September term, upon the defendants, for a plea to the action, and that the cause was only then put at issue, and there was no expectation that it would

come on for trial at so early a period. That M'Corkle, the witness, whose absence was stated as a ground for postponing the trial, was a clerk in the counting house of the defendants, at the time the transaction occurred, upon which the suit was brought, and was intimately acquainted with all its circumstances. That he had gone to sea in the month of June last, before the cause was at issue, and before there was any expectation that the trial would be brought on during his absence; and that his return was confidently expected in January next. That there was a real and substantial defence to the action, and that the defendants, without any negligence or want of exertion on their part, had been taken by surprise, and a verdict had passed against them for a large sum, without their having an opportunity of making a defence.

*Leake* and *Aaron Ogden*, for the defendants, and in support of the rule, contended, that from the facts which had been laid before the court, abundant cause had been shewn why a new trial ought to be awarded. Applications of this kind are made to the discretion of the court, upon the particular circumstances of each case, and it has rarely occurred that a stronger case in every point is made out.

In *Rex* v. *D'Eon*, 3 *Burr.* 1513; 1 *Bl. Rep.* 510, *S. C.*; 5 *Com. Dig.* 505, *tit. Pleader, R.* 17, the correct rule is laid down by the court; and they say that no trial shall be hurried on, so as to do injustice to the defendant. We have brought ourselves fairly within this rule.

Lord Mansfield says, in *Bright* v. *Eynon*, 1 *Burr.* 390–5, that new trials ought to be granted when the justice of the case demands it; and he adopts the same principle in *Farewell* v. *Chaffey*, 1 *Burr.* 54. Here it is apparent to the court, that the trial has been hurried on in such a manner that the defendants have not had an opportunity of being heard; and this, according to Lord Mansfield, is a sufficient reason for granting a new trial.

The evidence of M'Corkle, a person acquainted with all the circumstances of this transaction, has been lost to us without any inadvertence or omission of the defendants. This in *Warren* v. *Fuzz*, 6 *Mod*. 22, was considered as a sufficient ground for awarding a new trial. The same doctrine is laid down in 11 *Mod*. 1. Until a cause is at issue, it is impossible for a party to know what will be the point in controversy, and it is not incumbent upon him to prepare his testimony. Here, before the cause was at issue, the witness upon whose evidence principal reliance was placed, left the country; his absence was not expected to be of any very long continuance, and no laches are to be attributable to the defendants for not anticipating and providing against his absence. 1 *Sellon* 418 ; *Imp. C. B.* 369.

Another material question is, have the real merits of this case been investigated? It is an important feature in this case, that the party has had no opportunity to bring the question fairly before the jury ; he has been condemned unheard, to pay a large sum of money, which the court are to presume from the affidavits now laid before them, he was not bound in equity and justice to pay. This was held in *D'Ayrolles* v. *Howard*, 3 *Burr*. 1385, a sufficient ground for granting a new trial. In 5 *Com. Dig.* 506, it is said, if the merits have not been tried because the plaintiff could not give material matter in evidence on the issue joined, and therefore a verdict against him, the court will set it aside, though it was right on the evidence given. There can be no difference in principle, whether the defendant was precluded from giving this matter in evidence, on account of the peculiar nature of the action, or the rules of pleading; or whether it arose from a physical incapacity to produce it at the trial.

But the defendants here were surprised. It is not pretended that, as regards the plaintiff, the proceedings were not regular, and the notice given in time, otherwise this would be an ample ground for setting aside the verdict.

But the defendants did not receive this notice in time to enable them to come prepared to the trial; so far as regards them there was an actual surprise. It is stated in 5 *Com. Dig.* 505, to be a ground for a new trial, that the counsel or witnesses were absent by surprise, and 2 *Salk.* 545, *pl.* 7, is cited in confirmation of the doctrine. Buller in 27 *R.* 120, seems to consider surprise, or a new discovery since the trial, as furnishing a ground for setting aside the verdict.

When a verdict is manifestly against equity, and obtained against defendant from inadvertence in not being prepared with evidence, court will grant a new trial. 2 *Sellon's Pr.* 489. Nothing can be more unfair, or better entitle a party to the consideration and favor of the court, than the circumstance, that his cause has been adjudged without his being heard. 4 *Bl. Com.* 282-3.

*L. H. Stockton* and *R. Stockton*, contra. There are two singular and extraordinary features, which principally distinguish this case from those which usually occur. According to the shewing of the defendants themselves, the conduct of the plaintiff has, throughout, been fair and regular; there is no pretence of any impropriety on his side. 2. All the facts upon which this application is founded, depend exclusively upon the testimony of the defendants themselves.

Regularly, and in ordinary cases, the testimony of parties to a cause is never admitted to influence the minds of the court or jury. Every fact ought to be established by impartial and disinterested witnesses, and it is a sufficient ground to set aside a verdict, that the parties have been allowed to prove their own case. If their evidence could not have been admitted to obtain a verdict, the same rule ought to prevent its admission, in order to set that verdict aside. In *Roberts* v. *Hartley, Dougl.* 311, this doctrine was laid down by Lord Mansfield, who said, we cannot grant a new trial on the affidavit of the plaintiff, who could not be examined at the trial. Indeed the doctrine is monstrous,

.and if adopted would be found pregnant with the most pernicious consequences; new trials would be as frequent as verdicts, if they were to depend upon the conscience or testimony of the losing party.

With respect to the evidence of Ireland, it can scarcely be considered as an exception to the preceding remark; that affidavit was prepared previous to the trial, and was the foundation of the application for a postponement. Its sufficiency came at that time before the court, who held that it did not furnish sufficient reasons for putting off the trial. If that decision was legal, and upon that there can scarcely exist a question, it must be put out of the case altogether in the present motion.

But independent of these objections to the manner of proving the facts, it is contended that the circumstances themselves do not lay a sufficient ground for a new trial. Full and regular notice of trial was given by the plaintiff, and no objections are even intimated that it was insufficient. M'Corkle, whose testimony was considered so important, appears to have been sent out of the country upon a long and precarious voyage by the defendants themselves. If the cause was not then at issue, it was known that his testimony would be wanted. The ground of the action was certain, or the defendants could not have reduced it to a certainty. The deposition of the witness might have been taken *de bene esse,* and it is hardly to be supposed that if he was the only witness to the transaction, so important to their defence as it is now alleged, that they would have permitted him to go, much less have themselves sent him upon a voyage which must necessarily consume so much time, and in which so many accidents might have intervened to prevent him from ever returning, without taking those steps which prudence would have dictated, to prevent any injurious consequences to themselves from his absence. At any rate, if they have been so negligent in attending to their own interests, it can scarcely furnish a ground for them to

come forward at this late hour, and apply to have a verdict deliberately and regularly taken, set aside in consequence of this culpable and voluntary inattention.

Another objection, however, exists to this application. The party ought not, at least, to request the court to rely implicitly upon his general assertions with regard to the materiality of M'Corkle's testimony. Wherever a party comes after verdict, and applies to have it opened on account of material evidence which he was unable to have at the trial, it is his duty to state the facts which the witness can testify to, in order to enable the court to determine whether or not it is material. In the case cited by the defendants' counsel, from 2 *Salk.* 645, it is particularly stated, that in *Coppin's case* the application was refused upon the ground, that the affidavit did not state what the witness knew, and would answer so that the court might judge of it, and how it was material. 2 *Term Rep.* 123.

In the case of *D'Ayrolles* v. *Howard,* one of the grounds upon which the verdict was set aside was, that both parties desired to have the real merits of the cause investigated, which it appears was not done on the first trial.

*Ogden* and *Leake* in reply. All the allegations contained in the depositions of the defendants, must now be taken as true. No counter evidence has been produced, and no attempt has been made to question their truth, or even to intimate a doubt of the kind. If, then, we lay before the court a probable ground, it is sufficient upon a motion of this kind. All the circumstances of the case are not to be detailed and minutely scanned; the province of the jury is not to be invaded by weighing the effect and credibility of testimony, or, in other words, the cause is not to be regularly and fully tried on a motion to set aside a verdict.

In granting new trials, the court knows no limitation, (except in some particular cases) but will either grant or refuse them, as it will tend to the advancement of justice.

1 *Sellon* 485 ; 6 *Term Rep.* 633. Motions for new trials, (says Judge Buller, 2 *Term Rep.* 120) have been very much encouraged of late years, and I shall never discourage them ; for nothing tends more to the due administration of justice, or even to the satisfaction of the parties themselves, than applications of this kind.

It is objected, however, that the affidavits of the defendants themselves are inadmissible in an application for a new trial, and the case of *Roberts* v. *Hartley* has been cited as confirming this position. If the language of Lord Mansfield is to be construed in this broad and unqualified manner, it is contradicted by every day's practice. It is not contended, that the court will give the same credit to them as to the depositions of disinterested persons, but they are entitled to some sort of respect, and when they state circumstances particularly within the knowledge of the parties, they are the best evidence which can be procured.

With respect to the objection, that we ought to state the evidence which it is expected M'Corkle will prove, it would be unprecedented. (See *Richardson* v. *Backus*, 1 *John.* 59.) Whether the court would permit it is questionable, it is certain that they will not require it.

The principal question to be considered is, whether, if the facts now laid before the court had been brought forward at the trial as a ground for postponement, it would not have been put off. Upon this there can surely be no doubt. All the evidence now adduced is, as to facts which existed then, and does not relate to any new matter. If the court, with a full knowledge of these circumstances, would have postponed the trial of the cause, and if the defendants were prevented by their own bodily sickness from shewing that they were legally, and according to the rules of practice, entitled to such postponement, the court will not now compel them to suffer for causes over which, they had, and could have, no control.

Sherrard *v.* Olden et al.

KINSEY, C. J., delivered the opinion of the court. We are of opinion, that in all cases of this kind the affidavits of the parties are admissible to shew the grounds upon which the application is made. This is conformable to the practice, and we are unable to perceive upon what principles it can be objected to. In the case which has been cited from *Douglass* it is observable, that the affidavit of the plaintiff, which was offered, went to contradict an important fact in the case upon which the jury had already passed. Instead of shewing that the jury had not heard his case upon the merits, or that they ought not to have been admitted to take the matter up, it was to shew that they had made an erroneous decision; and Lord Mansfield very properly rejected testimony of this sort. The generality of the language must be restrained by a reference to the circumstances under which it was uttered. In *D'Eon's case,* the same judge admitted the affidavit of the defendant upon the question of postponement, which is similar, and no objection of this kind was intimated, though the deposition was fully canvassed, and adjudged insufficient. In *Oswald* v. *Legh,* 1 *Term Rep.* 270,* which was an application for a new trial, the court expressly desired the defendant to make his affidavit to the circumstances, which was done ; and though his prayer was refused, it was because the facts which he stated were insufficient.

It is, however, unquestionably the duty of the courts to weigh the testimony of parties with peculiar care. The same implicit reliance will not be placed upon their statements as upon those of more disinterested persons; and we shall always be cautious as to the degree of confidence which we repose in them, particularly when any doubts are intimated as to their credibility or character.

At the trial of this cause, the request for postponement was refused, not because there did not actually exist suffi-

* See also 4 *Taunt., Feize* v. *Parkinson,* where the affidavit of plaintiff is admitted without objection. The court decide, in that case, that they would not grant a new trial upon the mere affidavit of one party contradicting the witnesses on the other side.

cient reasons to warrant the court in putting it off, but because sufficient grounds did not appear. It was not then shewn, that the defendants had used due diligence; that they were innocent of any neglect. But we now know that the reasons why these matters were not proved, was, that one of the parties lay sick in Philadelphia, and the other, who resided in Princeton, was unable to attend; that each was ignorant of the situation of the other; that they did what, under the particular circumstances in which they were placed, it was reasonable to require of them; and that no exertions on their part would have availed to bring M'Corkle, who is sworn to be a material witness, to the trial.

Considering, therefore, all these circumstances, that the defendants have been guilty of no laches, but that a verdict has gone against them for a large amount in an action to which they swear they have a good and substantial defence, we think the interests of justice require that they should have an opportunity to try the question upon its merits by another trial.

Rule made absolute.